# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

GEORGE BERNARD COLBERT, :
:
    Petitioner, :
:
vs. : CASE NO. 4:10-CV-101-CDL-MSH
: 28 U.S.C. § 2254
:
BRUCE CHATTMAN, :
:
    Respondent. :
_____

## RECOMMENDATION OF DISMISSAL

Petitioner's Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Habeas Corpus Rules"). Pursuant to Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge *must* dismiss the petition . . . ." Habeas Corpus Rule 4 (emphasis added). Petitioner's application for a writ of habeas corpus is due to be dismissed under Rule 4 because it is untimely and successive.

## BACKGROUND

On November 27, 2001, Petitioner Colbert plead guilty to charges of kidnaping, aggravated assault, armed robbery, and theft by taking a motor vehicle in the Superior Court of Muscogee County, Georgia. He was sentenced to eighteen years imprisonment for each of the first three counts, to be served concurrently, and to ten years imprisonment as to count

four, also to be served concurrently. Petitioner filed no direct appeal of his conviction and sentence.

On August 19, 2002, Petitioner filed a state habeas corpus petition in the Mitchell County Superior Court, wherein he challenged his conviction. On November 15, 2002, subsequent to an evidentiary hearing, the state habeas court denied relief to the Petitioner. He then filed an application for certificate of probable cause to appeal which was denied by the Georgia Supreme Court on March 1, 2004.

Although Petitioner fails to mention it in his application for habeas relief, on August 4, 2004, Petitioner filed his initial application for federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Colbert v. Head*, 4:04-cv-97-CDL (M.D. Ga. 2004). That petition was dismissed on January 13, 2005, as being untimely. *Id.* On August 16, 2005, the Eleventh Circuit affirmed this Court's dismissal of Petitioner's initial federal petition for habeas relief. *Colbert v. Head*, No. 05-10515, at 11, 13 (11th Cir. 2005).

Without leave from the Eleventh Circuit, Petitioner filed this application for habeas relief on September 13, 2010. Petitioner was denied leave to proceed *in forma pauperis*, but failed to timely pay the $5.00 filing fee. (Docs. 4, 5.) On October 15, 2010, over two weeks after the deadline, the Court received payment of the filing fee. Since it is clear from a preliminary review that Petitioner's application for habeas relief should be dismissed under Habeas Corpus Rule 4, the Court has, at this time, withdrawn its recommendation of dismissal for Petitioner's failure to obey the Court's Order and timely pay the filing fee.

## DISCUSSION

First, Petitioner's application must be dismissed because it is untimely. Petitioner's initial application for a federal writ of habeas corpus was untimely when filed on August 4, 2004. *See Colbert v. Head*, No. 05-10515, at 11, 13 (11th Cir. 2005). This application, filed over six years after his original application, and for the same reasons stated therein, is likewise untimely.[1] *Id.*; *see also Colbert v. Head*, 4:04-cv-97-CDL, Order (M.D. Ga. Jan. 13, 2005).

Second, "[b]efore a second or successive application permitted by [28 U.S.C. § 2244] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 244(b)(3)(A); *see also* Habeas Corpus Rule 9. Petitioner has failed to seek the required authorization before filing this successive petition. Therefore, this Court is without jurisdiction to review Petitioner's § 2254 petition until such time as the Eleventh Circuit grants his motion to file a second or successive petition.

## CONCLUSION

IT IS RECOMMENDED that Petitioner's action be **DISMISSED** as untimely and

---

[1] It appears that Petitioner may believe that his October 2009 Motion to Vacate an Illegal Sentence filed in the Muscogee County Superior Court, and the subsequent affirmation of the Superior Court's denial of that Motion, somehow reset Petitioner's time for filing a petition for habeas relief pursuant to 28 U.S.C. § 2254. (Doc. 1 at 3.) This is not true. The AEDPA provides that the limitation period for filing a petition for habeas relief begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(a)(A). Petitioner's continued filing of motions to vacate his sentence does not somehow provide Petitioner with additional time to file a habeas petition.

3

successive. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

      **SO RECOMMENDED,** this 18th day of October, 2010.

                                          S/Stephen Hyles
                                          UNITED STATES MAGISTRATE JUDGE